FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 03, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEROME P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-00149-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's and Defendant's Motions for Summary Judgment, ECF Nos. 14 and 17. Plaintiff is represented by Maren Miller Bam. Defendant is represented by Lisa Goldoftas and Timothy Durkin. The motions were considered without oral argument. Having considered the briefing and the applicable law, the Court grants Plaintiff's motion and denies Defendant's motion.

**Jurisdiction**

Plaintiff filed a disability insurance benefits application on October 5, 2017, alleging a disability onset date of January 3, 2017, and an application for Title XVI Supplemental Security Income on October 5, 2017. Plaintiffs' claims were initially denied on December 11, 2017, and again upon reconsideration on March 6, 2018. At Plaintiff's request, the ALJ held a hearing on February 26, 2019. On March 19, 2019, the ALJ issued an opinion affirming the denial of Plaintiff's claims for

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 1

benefits.

Plaintiff requested review of the ALJ decision, which the Appeals Council denied on February 14, 2020. Plaintiff then filed a timely appeal with the United States District Court for the Eastern District of Washington on April 13, 2020. ECF No. 1. The matter is before this Court under 42 U.S.C. § 405(g).

## Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The steps are as follows:

(1) Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Id.*; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b). If he is not, the ALJ proceeds to step two.

(2) Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1509. If the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 2

impairment is severe, the evaluation proceeds to the third step.

(3) Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step. Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

(4) Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

(5) Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla,"

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 3

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). The Court reviews the entire record. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## Facts

Plaintiff was 50 years old at the time of his alleged onset date. He has a high school education and previously worked as a pharmacy technician. Plaintiff now lives alone and is able to perform some activities of self-care, including preparing meals, driving a car, and handling his own financial affairs. However, Plaintiff has moderate to significant difficulty with other everyday activities, such as dressing, cleaning the house, taking care of the yard, grooming, and bathing.

In Plaintiff's application for benefits, he alleged that he had both physical and mental limitations. For physical limitations, Plaintiff alleged that his most limiting physical impairment was his chronic lower back pain. He stated that—by his alleged onset date—he could barely complete a week of work due to his back pain and that his back would also "g[o] out" on him approximately every six

months, which would cause him to be incapacitated for a week. He also stated that he could lift no more than five pounds for three hours in a day, could only sit up to one hour at a time, and only stand and/or walk for a couple hours at one time. As for mental limitations, Plaintiff alleged that he had both depression and anxiety, which caused him to become angry with customers and defensive when criticized. He stated that he got along adequately with coworkers and supervisors, but not with the public.

## The ALJ's Findings

On March 19, 2019, the ALJ issued an opinion affirming denial of benefits. The ALJ concluded that Plaintiff's allegations were not consistent with the record and that Plaintiff could perform work that exists in significant numbers in the national economy. Thus, the ALJ held that Plaintiff was not disabled. AR at 18.

At **step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 3, 2017, the alleged disability onset date. *Id.* at 23.

At **step two**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; chronic pain syndrome; major depressive disorder (with anxiety subsumed under this disorder); and posttraumatic stress disorder (PTSD). *Id.* at 23-24.

At **step three**, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals any Listing. *Id.* at 25-26.

The ALJ concluded that Plaintiff had a residual function capacity to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant [can] lift no more than 20 pounds at a time occasionally and lift or carry 10 pounds at a time frequently. The claimant can sit up to six hours, and stand and walk up to six hours total, in any combination, in an 8-hour workday with normal breaks. The claimant can occasionally climb ramps or stairs, and can never climb ladders or scaffolds. The claimant can occasionally stoop, crouch, and kneel.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT # 5**

Case 2:20-cv-00149-SAB    ECF No. 19    filed 06/03/21    PageID.818    Page 6 of 15

> The claimant can frequently balance and never crawl. The claimant must avoid all exposure to extreme cold, unprotected heights, hazardous machinery, and heavy industrial-type vibration. The claimant needs ready access to a restroom at the worksite. Mentally, the claimant would do best in a routine work setting with little or no changes. The claimant is precluded from performing fast-paced or strict production quota-type work.

*Id*. at 26-27.

At **step four**, the ALJ found that Plaintiff was capable of performing past relevant work as a pharmacy technician, which did not require performance of work-related activities precluded by the claimant's residual functional capacity. *Id.* at 30.

At **step five**, the ALJ found that, even if Plaintiff could not perform past relevant work, Plaintiff was not disabled and that he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including counter clerk, inspector and hand packager, and mail clerk. *Id*. at 31-32.

## Issues for Review

1. Did the ALJ err by failing to weigh Dr. Arnold's opinion in determining Plaintiff's residual capacity, resulting in harmful error?
2. Did the ALJ err by failing to properly consider the nature and intensity of Plaintiff's limitations and rejecting Plaintiff's subjective complaints?
3. Did the ALJ err in having the medical experts testify at the beginning of the hearing without first hearing Plaintiff's testimony, resulting in harmful error?

//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT # 6**

## Discussion

1. <u>Did the ALJ err by failing to weigh Dr. Arnold's opinion in determining Plaintiff's residual capacity?</u>

Plaintiff argues that the ALJ failed to properly weigh the opinion of Dr. John F. Arnold ("Dr. Arnold") in determining Plaintiff's residual function capacity. ECF No. 14 at 13-15. Specifically, Plaintiff argues that Dr. Arnold, unlike Dr. Smiley and Dr. Lace—whose opinions the ALJ relied on in his decision—was an examining source and was actually able to personally interview, observe, and evaluate Plaintiff's presentation and subjective claims. *Id.* at 14. Plaintiff argues that the ALJ failed to acknowledge that Dr. Arnold was in a better position to assess Plaintiff's mental capacity and failed to discuss with any specificity why Dr. Arnold's opinion was inconsistent with the record. *Id.* Thus, Plaintiff argues, the ALJ's failure to weigh Dr. Arnold's opinion constitutes harmful error and requires remand. *Id.*

Defendant argues that, under the new regulations governing Social Security disability determinations, the ALJ is no longer required to give special deference to the opinions of treating doctors. 20 C.F.R. § 404.1520c; *see also Lester v. Chater*, 81 F.3d 821, 831 n.8 (9th Cir. 1995), *as amended* (Apr. 9, 1996) (reciting the old standard that "the opinions of treating physicians are entitled to greater deference than those of examining physicians"). ECF No. 17 at 7-8. Defendant thus argues that, under the new regulations, the ALJ properly rejected Dr. Arnold's opinion as unsupported by his examination of Plaintiff and inconsistent with Plaintiff's overall medical records. *Id.* at 10-13. Finally, Defendant argues that the Court must give the ALJ's decision deference and that the ALJ's decision should be upheld when the record is susceptible to more than one rational interpretation. *Id.* at 13-14.

For Social Security disability claims filed on or after March 27, 2017, the ALJ "will not defer or give[] any specific evidentiary weight . . . to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). Instead, when evaluating the persuasiveness

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 7

of medical opinions, the two most important factors for the ALJ to consider are supportability and consistency. *Id.* However, an ALJ must also consider the medical source's relationship with the claimant; the length of the treatment relationship between the claimant and the medical source; the purpose of the treatment relationship; the extent of the treatment relationship; whether the medical source had an examining relationship with the claimant; the medical source's specialization; and other factors that might make a medical opinion more or less persuasive. *Id.* at (c).

Here, the ALJ concluded that Dr. Arnold's report—which determined that Plaintiff was "overall unable to complete regular competitive employment" and "was unable to perform tasks such as performing within a schedule, adapting to changes in work setting, behaving appropriately, and completing work periods without psychological interruptions"—was "not persuasive to any meaningful degree." AR at 26; *see also id.* at 532. Specifically, the ALJ found that Dr. Arnold's report was "not supported by his own evaluation of the claimant" and was "wholly inconsistent with his evaluation and the remainder of the record evidence." *Id.* at 26. Conversely, the ALJ concluded that the medical opinions from Dr. Smiley and Dr. Lace—neither of whom evaluated Plaintiff in-person—were consistent with the overall record and thus were highly persuasive. *Id.* at 25-26. The ALJ relied on Dr. Smiley's testimony that, though the record showed evidence of Plaintiff's lower back impairment causing considerable pain, Plaintiff could still perform light level exertional work with postural and environmental limitations. *Id.* at 25. The ALJ also relied on Dr. Lace's testimony that, though the record showed evidence that Plaintiff suffered from major depressive disorder, anxiety, and PTSD, Plaintiff could still engage in employment if it avoided changes to routine and did not involve strict production or fast-paced work. *Id.* The ALJ also noted that Dr. Lace "reviewed Dr. Arnold's findings, and explicitly disagreed with those findings, indicating that there was little support in the record

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 8

supporting [Plaintiff's] extreme limitations." *Id.* The ALJ stated that the objective record, which included Dr. Smiley's and Dr. Lace's testimony, led to the conclusion that Plaintiff's impairments were not as limiting as he claimed in his application. *Id.* at 24.

Having considered the ALJ's opinion and Plaintiff's medical records, the Court finds that the ALJ erred by failing to articulate why Dr. Arnold's report was "wholly inconsistent" with his evaluation and the overall record and thus failed to give sufficient weight to Dr. Arnold's opinion.

First, the ALJ's conclusion that Dr. Arnold's report was inconsistent with his evaluation is not supported by substantial evidence. Under the Clinical Findings section, Dr. Arnold concluded that Plaintiff had, *inter alia*, intrusive thoughts, avoidant behavior, irritability, poor concentration, interpersonal problems, conflict-habituated relationships, and impulsiveness. *Id.* at 531. Dr. Arnold concluded that these impairments would have a severe effect on Plaintiff's abilities to perform activities within a schedule; maintain regular attendance; be punctual within customary tolerances without special supervision; adapt to changes in a routine work setting; maintain appropriate behavior in a work setting; and complete a normal workday and work week without interruptions from psychologically based symptoms. *Id.* at 532.

To support these findings, Dr. Arnold pointed to several aspects of Plaintiff's evaluation, which included observing Plaintiff in person and asking him about his medical and personal history. For example, Dr. Arnold noted that Plaintiff's mood during the evaluation was "moderately depressed" and "moderately-severely anxious." *Id.* at 533. Additionally, Dr. Arnold stated that, though Plaintiff's speech was "logical and progressive for the most part," he fixated on his depressive history and themes. *Id.* Finally, when taking Plaintiff's medical and mental health history, Dr. Arnold wrote that Plaintiff had been diagnosed with major depressive order, anxiety, and PTSD. *Id.* at 530. These

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 9

observations support Dr. Arnold's conclusion of Plaintiff's intrusive thoughts, avoidant behavior, irritability, and interpersonal problems.

During the evaluation, Dr. Arnold also noted that, when testing Plaintiff's short-term memory, he recalled zero out of three objects after a five-minute delay. *Id.* at 534. This led Dr. Arnold to conclude that Plaintiff's memory was not within normal limits. *Id.* When taking Plaintiff's educational and work history, Dr. Arnold also noted that Plaintiff was terminated from his last job for not following work policies and arguing. *Id.* at 530. These observations support Dr. Arnold's conclusion of Plaintiff's poor concentration, irritability, and conflict-habituated relationships.

Second, the ALJ's conclusion that Dr. Arnold's report was wholly inconsistent with the record is also not supported by substantial evidence. For example, Plaintiff told Dr. Arnold that he could cook for himself and could do an odd job as needed, albeit with many breaks—however, Plaintiff also reported that he had no routine or schedule and could not vacuum without "kill[ing] my back." *Id.* at 531. This is consistent with Plaintiff's many medical records from Rockwood Clinic, where he reported severe to debilitating back pain which negatively impacted his ability to maintain regular employment. *Id.* at 467-529, 578-94. For example, during Plaintiff's August 10, 2017 visit to Rockwood Clinic, Plaintiff's doctors stated that Plaintiff "present[ed] with chronic low back pain" and that there appeared to be "multiple potential pain generators." *Id.* at 512. Additionally, Plaintiff's doctors noted that they were "particularly concerned about inflammatory back disease." *Id.* Similarly, during Plaintiff's September 21, 2017 visit to Rockwood Clinic, Plaintiff's doctor reported that Plaintiff's lower back pain "is present at all times[,] worse with sitting and worse with activities. He also describes pain with lying down." *Id.* at 521. Plaintiff's doctor also stated that Plaintiff was "working with an organization to help him find employment" and was "struggling with financial stress secondary to lack of employment." *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 10

Thus, given Dr. Arnold's in-person observations about Plaintiff's impairments and Plaintiff's medical records, the Court finds that the ALJ erred by giving insufficient weight to Dr. Arnold's opinions. Therefore, the Court remands this matter to the ALJ for further proceedings.

2. <u>Did the ALJ err by failing to properly consider the nature and intensity of Plaintiff's limitations and rejecting Plaintiff's subjective complaints?</u>

Plaintiff also argues that the ALJ failed to offer sufficient reasons for rejecting his subjective complaints about the nature and intensity of his limitations. ECF No. 14 at 15-18. Plaintiff argues that the ALJ agreed that he had multiple severe medical impairments that could reasonably be expected to cause the alleged symptoms. *Id.* at 16. Plaintiff argues, however, that the ALJ erroneously concluded that—because Plaintiff could still engage in daily activities and under-the-table work—his limitations were not as severe as he alleged. *Id.* at 17. Plaintiff also argues that the ALJ failed to explain why Plaintiff's ability to perform limited daily tasks is inconsistent with his alleged limitations. *Id.* at 17-18. Thus, Plaintiff argues, the ALJ's failure to properly consider Plaintiff's subjective complaints of limitations constitutes harmful error and requires remand. *Id.* at 18.

Defendant argues the ALJ provided legally sufficient reasons to discount Plaintiff's credibility regarding his symptoms and that the ALJ's findings are entitled to deference. ECF No. 17 at 14-17. Specifically, Defendant argues that the ALJ rejected Plaintiff's subjective complaints because he considered that (1) Plaintiff did not stop working because of his alleged limitations and (2) Plaintiff was still able to engage in daily activities and remain self-sufficient. *Id.* at 15-16. Defendant also argues that Plaintiff's subjective complaints were contradicted by the objective medical evidence. Thus, Defendant argues that the ALJ's conclusions regarding Plaintiff's symptom testimony were supported by substantial evidence. *Id.* at 17.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 11

The ALJ is responsible for making credibility determinations. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id*. (quoting *Lingenfelter*, 504 F.3d at 1036). In this analysis, the claimant is not required to show "that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of that symptom," *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). In addition, he need not produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

Once a claimant has produced evidence of an impairment, the ALJ may not discredit testimony regarding symptoms simply by asserting that they are unsupported by objective evidence. *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006). Rather, the ALJ must provide specific, cogent reasons to find that the claimant is not credible. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The Court will affirm the ALJ's reasoning so long as it is clear and convincing. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

"Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Daily activities may be grounds for an adverse credibility finding if (1) Plaintiff's activities contradict his other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 12

pursuits involving the performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). However, "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits." *Fair*, 885 F.2d at 603. Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [a claimant's] level of activity were inconsistent with his claimed limitations would those activities have any bearing on his credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

Here, the ALJ concluded that Plaintiff suffered from degenerative disc disease of the lumbar spine; major depressive disorder with anxiety; and PTSD. AR at 20. However, the ALJ concluded that Plaintiff only had mild to moderate limitations stemming from these impairments and that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 22-24. Though the ALJ conceded that findings supporting Plaintiff's normal physical and mental state were "not universal," the ALJ considered evidence that Plaintiff lived alone during the relevant period; was fully independent with activities of self-care, such as preparing meals, dressing, grooming, bathing (albeit with some difficulty), cleaning, driving, shopping, and managing his finances; was terminated from his previous employment not because of his disability, but rather for HIPAA violations; and could engage in high-intensity under-the-table work, such as painting and shoveling snow. *Id.* at 25. The ALJ also considered testimony from Dr. Smiley and Dr. Lace, who both concluded that Plaintiff could still engage in light work despite his impairments. *Id.* at 25-26. These factors led the ALJ to conclude that Plaintiff's symptoms were not as limiting as he claimed in his application. *Id.* at 25, 27.

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 13

Having considered the ALJ's opinion, the Court finds that the ALJ erred in his credibility determination. At the time of Plaintiff's disability application on October 5, 2017, the record shows that Plaintiff had been experiencing unchanged level 10 lower back pain for at least two months. *Id.* at 511-12, 521 (doctor notes from Plaintiff's September 21, 2017 visit to the Rockwood Clinic stating that "[s]ince the last visit pain remains unchanged . . . . It is present at all times[,] worse with sitting and worse with activities. [Plaintiff] also describes pain with lying down"). At his October 24, 2017 visit, his doctor also reported that Plaintiff experienced "no significant long-term pain relief" from bilateral SI joint injections and that Plaintiff could not look after himself, sit for more than 1 hour, stand for more than 1 hour, or engage in his normal social life without experiencing pain. *Id.* at 528. Finally, there is evidence in the record that the daily activities that the ALJ concluded that Plaintiff could still engage in—such as vacuuming, shoveling snow, and taking out the trash—were either done by someone else or resulted in such extreme pain that it required medical attention. *Id.* at 162, 477, 668.

However, the ALJ does not acknowledge any of this evidence in his opinion—he simply states that "the claimant's level of activity is minimally limited, and cannot be reconciled with the considerable severity alleged." *Id.* at 25. Therefore, the Court finds that the ALJ erred by failing to offer sufficient reasons for rejecting Plaintiff's subjective complaints about the nature and intensity of his limitations and thus remands to the ALJ for further proceedings.

3. <u>Did the ALJ err in hearing the medical experts' testimony prior to Plaintiff's testimony, resulting in harmful legal error?</u>

Because either of the previous grounds are sufficient for remand, the Court does not find it necessary to address this question.

//

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 14

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order. On remand, the ALJ shall reconsider (1) Dr Arnold's opinion and (2) Plaintiff's subjective complaints about the nature and intensity of his limitations. This remand is made pursuant to sentence four of 42 U.S.C. § 405(g).

4. The District Court Clerk is directed to enter judgment in favor of Plaintiff and against Defendant.

5. Plaintiff is permitted to request reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 3rd day of June 2021.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** # 15